**David ANDERSON, Petitioner–Appellant,**

v.

**Michael A. KNOWLES, Warden, Respondent–Appellee.**

No. 06–15912.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2007 *.

Filed June 29, 2007.

David Anderson, Ione, CA, pro se.

Robert R. Anderson, Esq., Gerald A. Engler, DAG, Bill Lockyer, Attorney General, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: HAWKINS, TASHIMA, and BEA, Circuit Judges.

MEMORANDUM **

Petitioner David Anderson appeals the district court's denial of his petition for writ of habeas corpus. In California state court, a jury convicted Anderson of four counts of aggravated sexual assault and three counts of lewd touching of a minor. Following unsuccessful appeals in state court, Anderson filed a petition for writ of habeas corpus in federal district court. 28 U.S.C. § 2254. The district court denied the petition. On appeal, Anderson contends the state court's admission of propensity evidence during trial violated Anderson's due process rights. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm. Because the facts are known to the parties, we revisit them only as necessary.

We may grant Anderson habeas relief only if the last reasoned state court decision was contrary to or involved an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d)(1). It was neither. First, there is no clearly established federal law prohibiting admission of propensity evidence in all situations; indeed, the Supreme Court has expressly left open the question "whether a state law would violate the Due Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime." *Estelle v. McGuire*, 502 U.S. 62, 75 n. 5, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Alberni v. McDaniel*, 458 F.3d 860, 863–64 (9th Cir. 2006) (finding pre-*Estelle* circuit cases discussing this issue to be no longer relevant). Second, assuming *arguendo* that it was "clearly established" that admission of propensity evidence could render a trial fundamentally unfair, the state court did not unreasonably apply the rule established in *Payne v. Tennessee*, 501 U.S. 808, 825, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), when it allowed for admission of the specific propensity evidence offered in this case; the disputed evidence—which involved conduct far less unseemly than the charged conduct—was not "so prejudicial that it render[ed] the trial fundamentally unfair." *Id.; see also Estelle*, 502 U.S. at 75, 112 S.Ct. 475 (prohibiting admission of evi-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dence if it "so infuse[s] the trial with unfairness so as to deny due process of law"). We therefore affirm the district court's order denying Anderson's petition.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.